# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ANDREA SPYCHALSKY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 8:06-cv-1379-T-30MSS**

**LAKE WALES CHARTER SCHOOLS,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Lake Wales Charter Schools Motion to Dismiss (Dkt. 16) and Plaintiff Andrea Spychalsky's Memorandum in Opposition to the same (Dkt. 17).

## MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>South Florida Water Mgt. Dist. v. Montalvo</u>, 84 F. 3d 402, 406 (11th Cir. 1996). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . ., [but] the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent."

Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983). However, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Additionally, "while Rule 8 allows a plaintiff considerable leeway in framing its complaint, this circuit . . . .has tightened is application of Rule 1 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).

## **PROCEDURAL BACKGROUND**

Plaintiff, a former employee of Defendant, originally filed a four count Complaint alleging that she was terminated from her position as a teacher in retaliation for reporting unethical and unprofessional conduct by other employees (Dkt. 1). In her Complaint, Plaintiff alleged a violation of the 42 U.S.C. § 1983, specifically her First and Fourteenth Amendment rights (Counts I and II), breach of contract (Count III) and defamation (Count IV).

In response to the original Complaint, Defendant filed a Motion to Dismiss, which this Court granted in part and denied in part (Dkt. 14). Specifically, this Court dismissed Count I and III without prejudice, instructing Plaintiff that more facts needed to be alleged regarding her First Amendment retaliation claim, i.e., specific examples of the statements made, the manner, time and place of the speech, or the context in which the speech was made, and that she either needed to attach a copy of the contract at issue, or sufficiently

allege the existence of an oral contract. See Case No. 8:06-cv-1378 at Dkt. 11. This Court also dismissed Count II with prejudice and denied Defendant's Motion as to Count IV. Plaintiff, thereafter, filed an Amended Complaint (Dkt. 15).

## DISCUSSION[1]

A.   Count I.

Defendant argues Count I should be dismissed as Plaintiff has failed to allege with specificity what statements she made regarding unethical and unprofessional conduct of other employees. This Court agrees. While Plaintiff has added a general allegation that her speech was appropriate, occurred at meetings and did not disrupt the efficient operation of Defendant, she has again failed to include allegations specifically identifying what statements were made and to whom they were made. As Plaintiff has alleged First Amendment retaliation under §1983, her claim must be alleged with more specificity than provided in the Amended Complaint. See GJR Investments, 132 F.3d at 1366 (stating that factual detail in the pleadings is necessary to the adjudication of §1983 claims). Defendant's Motion as to Count I is therefore **granted**. Plaintiff is again advised to state with specificity those statements made that are protected by the First Amendment.

---

[1] Defendant also argues that Count II should be dismissed with prejudice based on this Court's ruling in its previous Order. Plaintiff states that the count was included because it was in the original Complaint and while they do not invite or expect any response to the count based on this Court's previous dismissal, they did not want to abandon the possibility of seeking this Court's reconsideration. As Plaintiff has not yet filed a Motion to Reconsider, the Court will not address the merits of same, and again dismisses Count II with prejudice.

B.   Count III.

Defendant argues that Count III should be dismissed for failure to state a cause of action, specifically, that Plaintiff's allegation that the contract incorporates certain substantive and procedural requirements is conclusory and insufficient to allege a breach of contract cause of action. This Court disagrees. In the Amended Complaint, Plaintiff alleges that Defendant breached the due process guarantees incorporated into her employment contract with Defendant. The contract attached to the Amended Complaint states "[t]he teacher shall not be dismissed during the term of this contract except for just cause as provided in 231.36(1)(a), Florida Statutes." (Dkt. 15, Ex.2). Pursuant to Section 231.36(1)(a)[2], just cause includes the following: misconduct in office, incompetency, gross insubordination, willful neglect of duty, or conviction of a crime involving moral turpitude. See Fla. Stat. § 1012.33(2005). Section 1012.33 also details the procedures by which a superintendent may terminate a professional services contract. See Fla. Stat. §1012.33(3)(e)-(f) (2005).

Plaintiff alleges in the Amended Complaint that the contract "incorporates either the substantive and procedural requirements of a professional services contract under §§1012.33(1)(a), (3) and (6)(a), Fla. Stat., precluding her termination absent 'just cause,' or those applicable to "continuing contracts" under §1012.33(4) Fla. Stat., precluding her termination absent proof of certain enumerated transgressions." (Dkt. 15 at ¶ 4). Based on

---

[2]Chapter 231, Florida Statute, *repealed by* Laws 2002, c. 2002-387,§ 1058 (effective January 7, 2003 and now Chapter 1012, Florida Statute).

these allegations, Plaintiff has sufficiently alleged a breach of her contract.  Defendant's Motion as to Count III is therefore **denied**.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Lake Wales Charter Schools Motion to Dismiss (Dkt. 16) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. Plaintiff has **twenty (20) days** from the date of this Order in which to file a Second Amended Complaint amending Count I if she wishes.  If a Second Amended Complaint is filed, it shall restate the Counts that have survived dismissal so that all counts appear in the newly amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1379 - Motion to Dismiss2.frm